UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT KETTENBURG | : | |
| | : | |
| v. | : | C.A. No. 07-223ML |
| | : | |
| CITIZENS FINANCIAL GROUP | : | |

**REPORT AND RECOMMENDATION**
**FOR DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

On June 20, 2007, Plaintiff, Robert Christopher Kettenburg, filed a "Complaint Under Title 18 of the US Code, Sections 241 and 242." (Document No. 1). Plaintiff's Complaint was accompanied by a Motion to Proceed Without Prepayment of Fees ("IFP") without being required to prepay costs or fees, including the $350.00 civil case filing fee. (Document No. 2). After reviewing Plaintiff's Motion to Proceed IFP, this Court concludes that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (Document No. 2) is GRANTED.[1]

Having granted IFP status, this Court is required by statute to further review the Plaintiff's Complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." For the reasons discussed below, this Court recommends that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE

[1] The Court notes that Plaintiff submitted his Motion to proceed IFP "[i]n pursuant to 28 U.S.C. paragraph 636(b)(1)(A) and (B)." Plaintiff cites to the incorrect statute. It is 28 U.S.C. § 1915 that provides the procedures for applying to proceed IFP. Under 28 U.S.C. § 1915(a)(1) this Court may authorize Plaintiff to proceed IFP if he submits an affidavit stating all of the assets he possesses and that he is unable to pay the fees associated with the action. Although Plaintiff did not style his Motion as an "Affidavit," he did include all of the information this Court requires in order to determine his eligibility to proceed IFP. Further, Plaintiff signed and dated his submission to the Court. Thus, the Court is satisfied that Plaintiff has complied with the requirements of 28 U.S.C. § 1915.

because it is "frivolous" and/or "fails to state a claim on which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**Facts**

Plaintiff brings suit under 18 U.S.C. § 241 and 242. Plaintiff's Complaint alleges that "Defendants knowingly and willfully placed an $1,800.00 strike on his credit report for over 5 years from a $200.00 bank overcharge. Said strike is currently on Plaintiff's credit report listed at $499.00 TWICE ($998.00)." (Document No. 1). Plaintiff names Citizens Financial Group, formerly Charter One Bank, as the Defendant. Plaintiff requests that this Court remove the "strike from his credit report as restitution." Id.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Where the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to

28 U.S.C. § 1915(e)(2)(B)(i)." Mack v. Massachusetts, 204 F. Supp. 2d 163, 166 (D. Mass. 2002) (quoting Mobley v. Ryan, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000)) (citations omitted).

**Discussion**

This Court is recommending that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true, and drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, the Plaintiff lacks standing to bring this Complaint, and the Complaint fails to state a claim on which relief may be granted.

Plaintiff lacks standing to bring a claim under 18 U.S.C. §§ 241 and 242, which are sections of the United States Code concerning criminal acts. See Cok v. Cosentino, 876 F.2d 1, 2 (D.R.I. 1989). In Cok, this Court noted that "a private citizen has no authority to initiate a federal criminal prosecution." Id. The statutes cited as the basis for Plaintiff's claim are the criminal "counterparts to 42 U.S.C. § 1983." See Stoll v. Martin, No. 3:06CV180/LAC/EMT, 2006 WL 2024387, * 2 (N.D. Fla. July 17, 2006). Moreover, Plaintiff does not have a right to bring a civil action for damages under either 18 U.S.C. § 241 or 242. See Cok, 876 F.2d at 2. Plaintiff's three-sentence Complaint contains almost no detail as to the facts underlying his claim. Because Plaintiff is not entitled to bring a claim under the federal criminal statutes he sues upon, even drawing all reasonable inferences in his favor, it is clear that Plaintiff's instant Complaint fails to state a claim on which relief may be granted. This Court offers no opinion as to whether Plaintiff may have a

cause of action against Defendant under some other federal or state statute or common law theory. In view of the Court's neutral position in this matter, it would be inappropriate for the Court to search for and attempt to identify a possible cause of action for Plaintiff. Plaintiff explicitly sought relief under federal criminal law (18 U.S.C. §§ 241 and 242), and thus the instant Complaint as filed is fatally flawed and must be dismissed.

Having reviewed the Complaint and relevant case law, this Court recommends for the reasons discussed above that Plaintiffs' Complaint be DISMISSED WITHOUT PREJUDICE in its entirety pursuant to 28 U.S.C. § 1915(e)(2).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 21, 2007